María Luisa Torres, Plaintiff and Appellant, *v.* Municipality of San Juan, P. R., now Capital of Puerto Rico, Defendant and Appellee.

No. 7444. Argued November 29, 1938.—Decided February 21, 1939.

*Carlos D. Vázquez,* for appellant; *J. Valldejuli Rodríguez,* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

María Luisa Torres filed a bill of complaint having three causes of action against the Municipality of San Juan, now Capital of Puerto Rico, in which she alleged substantially as follows: That she is the owner of a lot in the north section of Santurce; that in January, 1928, the defendant, without the complainant's permission and against her will, entered upon said farm, dug a ditch and put therein tubes and valves for the drainage of a septic tank of the school Julián E. Blanco said tubes occupying an area of land of 31.53 square meters' valued at $600; that she has requested the defendant to remove said culverts, which it has refused to do; that the complainant has various houses built on said land which are rented for not less than $150 a month; that due to the disagreeable odor which issues from the vent she has been unable to rent her houses having lost in rent the

amount of $2,000; and that the defendant has been in possession of the ground occupied by the culverts for five years and nine months without paying anything, altho being requested so to do, and that said use can be justly and reasonably valued at $2,070.

The defendant answered denying the allegations of the complaint and alleging as a defense that the three causes of action had prescribed and that the property was an alley belonging to it and dedicated to public use for more than thirty years, that said possession had not been attacked nor interrupted, nor the work done thereon, such as the culverts and the services of light and water.

The lower court rendered judgment dismissing the complaint because it believed that the preponderance of the evidence was in favor of the defendant and also because the complainant had not adduced evidence to prove in a clear and adequate manner that she had dominion title nor to duly indentify the property.

The complainant appealed from said judgment and alleges that the lower court committed three errors on weighing the evidence.

The appellant alleges in the first place that the lower court erred in holding that the complainant did not prove her alleged dominion title on the lands in question and that she did not describe them with due certainty.

Analyzing the evidence introduced by her, the appellant refers to a certificate of the registrar of property of San Juan showing that she acquired the property in the year 1916, a plan showing that the tubes cross her property, and the declaration of one of her witnesses describing the property.

It is alleged in the complaint that on the dates mentioned therein, María Luisa Torres was the owner of two abutting parcels of land, each one measuring 11.42 m. in front, and one of them 131.31 m. deep, and the other 70 m. deep. The first has an area of 1,499.56 square meters, the second 799.40

square meters, and the sum of both is 2,298.96 square meters. Only one parcel of 11.42 m. in the front and 200.31 m. deep, a total area of 2,287.50 square meters, appears from the registry.

It also appears from the certificate that the following segregations from said parcel were made by its owner: 90 square meters sold to Rafael Arcelay, 1,499.50 to María Luisa Torres, 131.88 sold to José María Rosario, and 84.78 sold to Carmen López. It does not appear from the certificate the boundaries of said segregations, nor the description of the 492.74 square meters out of which the remaining portion of the principal parcel consists.

The lower court understood that the plaintiff's title did not show that the alley belonged to her, considering that the remaining part of the parcel, after the segregations were made, was not described in the registry. With reference to the plan prepared by plaintiff's engineer, the court understood that it showed that she only bordered with the alley in only one part of it. It gave more credit to the plan offered by defendant's engineer, which was prepared in the year 1927 when this action had not been yet interposed. The alley appears on it.

It seems that the witness José Pujols did not deserve full credit by the lower court, considering him an interested party, being plaintiff's lover.

Among the reasons that the lower court had to reach the conclusion that the preponderance of the evidence was in favor of defendant, is the fact that the so-called Bayola Alley existed when plaintiff acquired the first half of the parcel in 1916, and the second half in 1919. The lower court considered as established that said alley has been dedicated to the public use since 1899; that during the years 1915 to 1917 the defendant gave sewerage and water service to it and invested a heavy sum of money in repairing the surface and that some time previously had given to it electric light and service.

To reach these conclusions the lower court rested on the incontrovertible testimony of the engineer Julio Montilla, to whom it gave full credit and who for over thirty years worked for the municipality. Said gentleman built the above mentioned sewerage and repaired the alley and also testified that for over thirty-five years he travelled through it. His testimony was corroborated by the witness Trinidad Escalera, who said that by 1899 it was used as a public way; and by Juan Martínez, who is aware of the alley since he had the use of reason.

It seems strange that while all these so-called works of public utility were made, the plaintiff did not do anything to stop them, if it is true that the municipality was a trespasser on her property.

In deciding about the right title of the property, the lower court said:

". . . It is true that the defendant has offered no title to the alley, but it is in possesion of it since 1899 and it has been decided that mere possession may produce the effect that by such possession dominion may be acquired upon the lapse of a certain period of time under the conditions established by law, the true owner being prejudiced and his real action becoming extinguished. *Garcia* v. *De los Angeles*, 13 P.R.R. 74; *Teillard* v. *Teillard*, 18 P.R.R. 546.

"The facts in the case of *Trujillo* v. *López*, 45 P.R.R.——, on which case the plaintiff rest, are different to the facts of this case. That was an action of injunction to stop a public nuisance, no claim being made to the use of the land; and it was decided that said land had never been a highway or public road, that there existed no easement and that it was at sufferance that since 1908 his owner had permitted the use of the land, it being properly identified. The Municipality made no claim in that case and no work of public utility existed over the land."

The rule established in *Teillard* v. *Teillard*, 18 P.R.R. 546, is as follows: "Of course mere possession produces the effect that through it dominion may be acquired upon the lapse of a certain time under the conditions provided by law, the real proprietor being prejudiced and his real actions prescrib-

ing; for which reason he cannot recover what was his and was lost to him through his negligence.'' (Page 549.) And it is further stated in the same opinion: ''A person who is merely in possession of real property or of a real right thereto, in order to obtain dominion through prescription must necessarily possess the same for 30 years, because the law provides that on the lapse of such period of time, without the necessity of a just title of acquisition and even without good faith, dominion is acquired.''

This was the same rule established in *Garcia* v. *De los Ángeles*, 13 P.R.R. 74: ''Prescription as a means of acquiring ownership cannot be confused with prescription as a means of losing it. For the former, according to article 1957 of the former Civil Code, possession in good faith and with a proper title for a period of 10 years as to persons present and 20 years with regard to those absent, was sufficient; but for the latter—that is to say, to consider an action to have extinguished—the lapse of 30 years without its enforcement on the part of the owner of the real property, during that time, was necessary, in accordance with the provisions of article 1963 of said Code.''

Said rule justifies the decision of the lower court in assuming that the defendant has the best title, considering that it decided that the preponderance of the evidence was in its favor.

The second assignment of error deals with the statement of the lower court to the effect that the defendant is in possession of the parcels since the year 1899, and in deciding that said defendant acquired the title to the parcels by prescription.

The plaintiff alleges that in the fourth paragraph of the special defenses pleaded by defendant it was not alleged with certainty to which of the three causes of action does the allegation of prescription refer. There is no question that the above mentioned allegation refers to the first cause of action, that is to say, that plaintiff is the owner of the parcels

of which the Bàyola Alley consists. It is enough to read the paragraph to reach that conclusion:

"*Fourth.*—Defendant alleges that it is the owner of the Julián E. Blanco School, located in Santurce, which for many years is being dedicated to the public use, and the lot where said school is located belongs to the defendant, and its tubes for the drainage of the septic tank cross the property of the defendant through the Bayola Alley, dedicated to the public use and as property of the City Government for over thirty years without having been disturbed nor interrupted in the possession of the above mentioned alley by any person through the place crossed by the tubes of the above mentoned septic tank of the Julián E. Blanco School and besides because in said Bayola Alley a sewerage system has been built by the City Government and during the laying out of the plant and while the work was being done a long time ago nobody objected to the construction of same and the City Government, then the Municipality of San Juan, was never bothered during its construction, the City Government having laid out the tubes for the aqueduct and sewerage across the above mentioned Bayola Alley; and if the plaintiff or any other person had any right of action, the same is bared by the statute of limitation as the City Government had been in possession of said alley for over thirty years without any interruption, according to sections 1858, 1860 and 1864 of the Revised Civil Code of Puerto Rico."

The appellant also insists in that the defendant alleges prescription in regard to the right of action and not in regard to ownership, and that it is contrary to law because it appears from the evidence of the defendant that the easement was established on January, 1928, and the complaint was filed on March, 1930. In weighing the evidence the lower court accepted as an established fact that the easement existed since 1899, and referred to the testimony of the witnesses that made it reach such conclusion. We have already mentioned this fact in arguing the first assignment of error. Nevertheless, it seems convenient to say that it appears impossible for the plaintiff to have opened the alley in 1918, since in that year she was only owner of an undivided half of the property and it was not until 1919 that she acquired the rest of it.

The third assignment of error refers to the statement of the lower court to the effect that plaintiff did not object to the construction of the sewerage and that for said reason she is estopped to deny the existence of the easement. This allegation seems frivolous since the lower court merely said in analyzing the evidence that plaintiff did not complain to the municipal authorities when the sewerage was built in 1927. It does not appear that the judge decided that she was estopped to deny the easement. The decision of the lower court was based principally on the insufficiency of the evidence produced by the plaintiff in order to establish a title in her favor and not on the application of the doctrine of estoppel.

The fourth assignment of error deals with the action of the lower court in dismissing the complaint, assuming that the assignments of error previously argued have been committed.

In any action for the recovery of real property the plaintiff is under the obligation to establish the identity of the property which is claimed. *Ruiz* v. *Pacheco,* 8 P.R.R. 423; *Rivera* v. *People,* 16 P.R.R. 731; *Díaz* v. *People,* 17 P.R.R. 55; *Pesquera* v. *Fernández et al.,* 22 P.R.R. 53. The lack of evidence to sufficiently identify the property in this case would in itself be sufficient to affirm the judgment appealed from, which must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.